IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DERRICK DEWAYNE PARKER, )
)
       Petitioner, )
)
v. ) Case No. CIV-09-1075-HE
)
STATE OF OKLAHOMA, )
)
       Respondent. )

## **REPORT AND RECOMMENDATION**

Mr. Derrick Parker seeks habeas relief and the Respondent moves for dismissal on grounds of timeliness. The Court should grant the Respondent's motion.

### Background

Pursuant to a guilty plea in state court, Mr. Parker was convicted and sentenced on October 25, 1999. *See* Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 & Attachments (Oct. 16, 2009) ("Amended Petition"). Mr. Parker filed the original habeas petition no earlier than September 23, 2009.[1]

---

[1] Mr. Parker subsequently amended the habeas petition, and that document superseded the original version. *See* Motion to Amend (Oct. 15, 2009) (Mr. Parker's request that the original habeas petition "be stricken, withdrawn and/or superceded" [sic] by the amendment). The Court may assume *arguendo* that the amended petition "relates back to the date" of the original habeas petition. Fed. R. Civ. P. 15(c)(1). The original petition was deemed "filed" when Mr. Parker gave it to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). Mr. Parker states under penalty of perjury that he had given the document to prison authorities for mailing on September 23, 2009. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 14 (Sept. 30, 2009).

Timeliness of the Habeas Petition

As the Respondent argues, the habeas petition was filed after the limitations period had expired.

I.      Standard for Dismissal

Federal statutes do not address the standard for dismissal in habeas proceedings. Thus, the Federal Rules of Civil Procedure apply. *See* Fed. R. Civ. P. 81(a)(4).

The Respondent does not invoke a particular rule, but generally argues that the petition is out-of-time. Because the Respondent had relied on allegations in the amended petition, the argument implicates Federal Rule of Civil Procedure 12(b)(6).[2] Under this rule, the Court must dismiss the petition when it fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In applying this standard, the Court assumes the truth of all factual allegations in the amended petition and construes them in the light most favorable to Mr. Parker. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

The motion to dismiss is based on the statute of limitations, which constitutes an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Nonetheless, "[i]f the allegations [in the amended petition] . . . show that relief is barred by the applicable statute of limitations, the

---

[2]   *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001) (holding that a motion to dismiss in a habeas proceeding arises under Fed. R. Civ. P. 12(b)(6)); *see also Walker v. True*, 399 F.3d 315, 319 n.1 (4th Cir. 2005) ("In section 2254 proceedings, the state's . . . motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6)." (citations omitted)).

[amended petition] is subject to dismissal for failure to state a claim . . . ."[3] On this issue, the Petitioner bears the burden to establish "a factual basis for tolling" "when the dates given in the [amended petition] make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations omitted).

II.     Computation of the Limitations Period in the Absence of Tolling

Under federal law, a petitioner has one year to file a federal habeas petition. Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1).

The threshold question is when the one-year period began. According to the statute, the limitations period runs from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . . .

[or]

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review.

Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A), (C).

Subsection "A" applies, triggering the start of the limitations period on November 4, 1999.

---

[3] *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Rigsbee v. Oklahoma Department of Human Services*, 2007 WL 49091, Westlaw op. at 1 n.6 (W.D. Okla. Jan. 4, 2007) (unpublished op.) ("When a complaint shows that the claims are time-barred, dismissal for failure to state a valid claim is appropriate." (citation omitted)).

3

A. The Petitioner's Reliance on Section 2244(d)(1)(C)

Mr. Parker invokes 28 U.S.C. § 2244(d)(1)(C), which provides that the limitations period begins when "the constitutional right asserted was initially recognized by the Supreme Court, if the right ha[d] been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C); *see supra* p. 3. Invoking this law, Mr. Parker cites *Oregon v. Ice*, __ U.S. __, 129 S. Ct. 711 (2009), as reflecting a change in the applicable law. Reply "Prose [sic] Brief" at pp. 3-4 (Nov. 23, 2009) ("Petitioner's Response").

The argument reflects confusion about *Ice*. There the Supreme Court did not newly recognize a constitutional right. Instead, the *Ice* Court upheld a state statute which allowed judicial discretion in finding certain predicate facts before imposing consecutive sentences. *Oregon v. Ice*, __ U.S. __, 129 S. Ct. 711, 717-20 (2009). That decision has no bearing here, as Mr. Parker received only a single sentence. *See* Amended Petition, Attachment 4.

Mr. Parker's reliance on *Ice* is misguided, as the opinion did not newly recognize a constitutional right and involved the relationship of multiple sentences unlike the single sentence involved in the present action.

B. Applicability of 28 U.S.C. § 2244(d)(1)(A)

As noted above, Mr. Parker was sentenced on October 25, 1999. *See supra* p. 1. The Petitioner then had ten days to file a motion to withdraw the plea. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals. Because Mr. Parker did not move for

4

withdrawal of the plea or seek *certiorari*,[4] the conviction became "final" by November 4, 1999.[5] Thus, under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period would have expired by November 6, 2000,[6] in the absence of tolling.

III. <u>Statutory Tolling</u>

Under certain circumstances, federal law authorizes tolling of the limitations period. These circumstances are not present here.

The relevant statute provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(2).

Mr. Parker filed two applications for post-conviction relief, beginning on January 29, 2009.[7] By this time, the limitations period would already have expired in the absence of

---

[4] *See* Amended Petition at pp. 2-3.

[5] *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in the absence of a timely motion for withdrawal or direct appeal).

[6] The one-year period ended on November 4, 2000. But this day was a Saturday. As a result, the filing deadline was automatically extended to Monday, November 6, 2000. *See* Rule 1.5, Rules of the Oklahoma Court of Criminal Appeals.

[7] The Petitioner did not submit a copy of the post-conviction applications. However, he did file a copy of the order denying the second post-conviction application. Amended Petition, Attachment 2. That order states that the first post-conviction application had been filed on January 29, 2009. *Id*. at p. 1.

5

equitable tolling. *See supra* pp. 4-5. Accordingly, the limitations period was not tolled under 28 U.S.C. § 2244(d)(2) by the filing of a post-conviction application.[8]

IV.     Equitable Tolling

Equitable tolling is also unjustified.

Equitable tolling is available only when an extraordinary circumstance stood in the petitioner's way and prevented timely filing. *See Lawrence v. Florida*, 549 U.S. 327 (2007). The Petitioner bears a "'strong burden to show specific facts'" under this standard. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (citations omitted).

Mr. Parker has not satisfied this burden. He urges equitable tolling, but has not identified any facts that would have impeded the filing of a habeas petition. In these circumstances, Mr. Parker's conclusory assertion of equitable tolling is not enough to avoid dismissal.[9]

---

[8]     *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").

[9]     *See Weibley v. Kaiser*, 50 Fed. Appx. 399, 403 (10th Cir. Nov. 6, 2002) (unpublished op.) (stating that the petitioner's "conclusory allegations" do not support equitable tolling in light of the absence of any "analysis or specific facts" (citation omitted)); *Gregory v. Palino*, 172 F.3d 62, 1999 WL 92272, Westlaw op. at 3 (10th Cir. Feb. 24, 1999) (unpublished op.) (stating that the petitioner's "conclusory allegations [were] insufficient to justify equitable tolling" (citations omitted)).

V.	Summary

Mr. Parker is not entitled to statutory or equitable tolling. As a result, the limitations period expired by November 6, 2000, and initiation of the habeas action in September 2009 was too late. In these circumstances, the Court should dismiss the habeas petition.[10]

Notice of the Right to Object

Mr. Parker may object by filing an objection with the Clerk of this Court by January 14, 2010. *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1); Rule 8(b), Rules Governing Section 2254 Cases in the United States District Courts. The failure to timely object would foreclose appellate review of the suggested ruling.[11]

Status of the Referral

The referral to the undersigned is discharged.

---

[10] In the heading on equitable tolling, Mr. Parker also cites Section "2254(2)(A)(i)(ii)" of Title 28. Petitioner's Response at p. 3. This citation does not exist, but Mr. Parker apparently intended to refer to Section 2254(e)(2)(A)(i) and (ii), which address the availability of an evidentiary hearing in habeas proceedings. The Court need not conduct an evidentiary hearing on the issue of timeliness. *See Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) ("Since 28 U.S.C. § 2244 does not require a hearing on the issue of time-bar or equitable tolling, an evidentiary hearing would be a matter of discretion."); *see also Shelton v. Unknown Warden*, 37 Fed. Appx. 341, 343 (10th Cir. Feb. 7, 2002) ( unpublished op.) (upholding denial of an evidentiary hearing because proof of the habeas petitioner's allegations would not compel tolling).

[11] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 28th day of December, 2009.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge